UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | Criminal No. 1:14-cr-10302-IT-1 |
| ANDRE GIVENS, | * | |
| | * | |
| Defendant. | * | |

ORDER

May 15, 2015

TALWANI, D.J.

As stated during the Final Pretrial Conference held on May 14, 2015, the court orders that

1.  Defendant's <u>Motion in Limine to Exclude Evidence Pursuant to Fed. R. Crim. Evid. 401, 403, 404</u> [#44] is ALLOWED IN PART and DENIED IN PART as follows:

    a.  Any reference to Defendant as being a "felon" or a "felon-in-possession" during trial is strictly excluded. This order does not preclude the use of the term "felony" to refer to a crime punishable by a term of greater than one year or the use of the term "felon-in-possession" to refer to the crime charged in 18 U.S.C. § 922(g). The court will monitor the Government's use of such terms, however, to ensure that they are not abusively employed.

    b.  Evidence that the firearm Defendant allegedly possessed had been stolen in the past is excluded without prejudice to the Government seeking reconsideration of this order outside of the presence of the jury in the event that the Defendant opens up this issue.

    c.  Evidence of an earlier shooting is not precluded so long as the Government makes clear to the jury that there is no claim that Defendant or

anyone who was with him at the time of the incident has any connection to that shooting.

    d.    Evidence of gang membership of the Defendant or of anyone who was with him at the time of the incident is excluded.

    e.    Evidence of prior police contact with Defendant is excluded, except that this order does not preclude evidence that the officers called Defendant by name at the time that he allegedly left the location where the firearm was located.

2.    Defendant's <u>Motion in Limine to Admit Evidence of Prior Firearm Seizure at Same Location</u> [#46] is ALLOWED subject to reconsideration in the event that Defendant seeks to introduce cumulative evidence regarding such seizure or to litigate disputed issues of fact relating to that seizure.

3.    The Government's <u>Motion to Sequester Witnesses and to Request that the Case Agent Be Allowed to Remain in the Courtroom</u> [#53], to which Defendant has no objection, is ALLOWED.  Such sequestration applies to opening statements and the evidentiary portions of the trial.

IT IS SO ORDERED.

Date:  May 15, 2015                          /s/ Indira Talwani
                                               United States District Judge